**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIBEL MOSES, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>   v.<br><br>THE NEW YORK TIMES COMPANY, d/b/a The New York Times.<br><br>                    Defendant. | Civil Action No.: 1:20-cv-04658-RA<br><br>Hon. Judge Ronnie Abrams |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On May 12, 2021, this Court granted preliminary approval of the proposed class action settlement agreement between the parties (the "Settlement Agreement" or "Settlement").

The Court also provisionally certified a Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on September 10, 2021. The Settlement Class is defined as: all Persons who, from June 17, 2016, to and through the Preliminary Approval Date, enrolled in an automatically renewing NYT Subscription directly through NYT using a California billing and/or delivery address, and who were charged and paid an automatic renewal fee(s) in connection with such subscription. Excluded from this definition are the Released Parties. Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 4.5 of the Settlement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement and shall not be eligible to make a claim for any benefit under the terms of the Settlement.

On September 10, 2021, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees, costs and expenses to Class Counsel and whether and in what amount to make an incentive award to Plaintiff Maribel Moses.

The Court, having considered all matters submitted to it at the hearing and otherwise, and it appearing that the Class Notice substantially in the form approved by the Court was given in the manner that the Court ordered to persons who purchased the NYT Subscriptions at issue, as ordered by the Court, and having considered and determined that the proposed settlement of the claims of the Settlement Class Members against Defendant, as well as the release of Defendant and the Released Parties, and the awards of attorneys' fees, costs, and expenses and incentive award requested, are fair, reasonable and adequate, hereby ORDERS THAT:

1. The definitions in the Settlement Agreement and the Court's Preliminary Approval Order are hereby incorporated herein as though fully set forth in this Order, and all other terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement and in the Court's Preliminary Approval Order, and/or in any Order of this Court prior to the entry of final Judgment.

2. The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied, for purposes of settlement only, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the

Settlement Class she seeks to represent; (d) the Class Representative has and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3.     The Court finds that the requirements of Rule 23(e) of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied, and the Court approves the settlement of this Action as memorialized in the Settlement Agreement as being fair, just reasonable and adequate to the Settlement Class and its members.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs or delays associated with continued litigation, trial and/or appeal.  The Settlement is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

4.     Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action, for purposes of settlement, a class action on behalf of all Persons who, from June 17, 2016, to and through the Preliminary Approval Date, enrolled in an automatically renewing NYT Subscription directly through NYT using a California billing and/or delivery address, and who were charged and paid an automatic renewal fee(s) in connection with such subscription.  Excluded from this definition are the Released Parties.  Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 4.5 of the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement

Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

5. The Court appoints Frederick J. Klorczyk III of Bursor & Fisher, P.A. as Class Counsel for the Settlement Class. The Court designates Plaintiff Maribel Moses as the Class Representative.

6. Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto. In addition, the Court finds that Defendant fully satisfied any obligation to provide Notice of the proposed Settlement Agreement to the public officials designated under the Class Action Fairness Act, 28 U.S.C. § 1715, to receive such notice, as set forth in the Defendant's Notice of Compliance with 28 U.S.C. § 1715.

7. The Court has considered and finds Class Counsel and the Class Representative have adequately represented the Class. Plaintiff, by and through her counsel, has investigated the pertinent facts and law, and has evaluated the risks associated with continued litigation, class certification, trial, and/or appeal. The Court finds that the Settlement Agreement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel.

8. The Court finds that the Settlement is effective in appropriately distributing relief to the Settlement Class in light of the claims and defenses asserted, that the method of processing

Settlement Class Member claims is reasonable and appropriate, and that the Settlement Agreement treats all Settlement Class Members equitably relative to each other.

9. The Court has evaluated this overall reaction of the Class to the Settlement, and finds that the overall acceptance of the Settlement Agreement by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interests of the Class.

10. The Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

11. Defendant shall implement the Prospective Relief - Practice Changes described in Paragraph 2.3 of the Settlement Agreement within a reasonably practicable time from the date of this order.

12. JND is finally appointed to continue to serve as the Claims Administrator as provided in the Settlement Agreement. The Claims Administrator is directed to process all Authorized Claims in accordance with the Settlement Agreement. Class Counsel and Counsel for Defendant are hereby authorized to employ all reasonable procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement.

13. The Claims Administrator shall administer the Escrow Account, which is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. The Claims Administrator, as administrator of the fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Escrow Account. The Claims Administrator shall also be responsible for causing payment to be made from the Escrow Account of any Taxes and

Tax Expenses owed.  None of the Releasees, Plaintiff, Class Counsel or Counsel for Defendant shall have any liability or responsibility for any such Taxes or Tax Expenses, or any required filings regarding same.

14. There shall be no recourse to any Defendant, Releasee, Released Party or their counsel, or to the Class Representative or Class Counsel, or to the Claims Administrator or to this Court, for any determination made by the Claims Administrator pursuant to its responsibilities under the Settlement Agreement.  In addition, notwithstanding anything else in this Order, if the Claims Administrator or any Party has reason to believe that a false or fraudulent Claim has been submitted in this Settlement, or that any Claim has been submitted under false pretenses, the Claims Administrator may reject the Claim.

15. The allowance or disallowance by the Court of, any Fee Award or Incentive Award have been considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  Any Order or proceeding related to the application for an award of fees, costs and expenses, or any appeal from any Fee Award or Incentive Award or other order relating thereto, shall not operate to terminate or cancel the Settlement Agreement, nor affect or delay the finality of this Final Order and Judgment.

16. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees, costs, and expenses in the amount of $_____.  The Court also orders payment of an incentive award(s) in the amount(s) of $_____ to Plaintiff Maribel Moses.  These amounts are to be paid in the time and manner described in the Settlement Agreement.

17. The Action is hereby dismissed with prejudice and without costs as against Defendant and the Released Parties.

18. Class Representative and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) and all persons acting on behalf of or in concert with any of the above, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Parties. The Court finds that issuance of the permanent injunction described in this paragraph is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Order.

19. Effective as of the Final Settlement Approval Date, each and all of the Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Parties, any and all causes of action or claims for relief, whether in law or equity, including but not limited to injunctive relief, actual damages, nominal damages, statutory damages, punitive damages, exemplary or multiplied damages, restitution, disgorgement, expenses, attorneys' fees and costs, and/or any other form of consideration whatsoever (including Unknown Claims), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, that were brought or could have been brought in the Action relating to any and all Releasing Parties, any NYT Subscription associated with any of them, or that in any way relate to or arise out of Defendant's automatic renewal and/or continuous service programs in California from June 17, 2016 to date of judgment in this action, including but not limited to any of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act related thereto. Plaintiff, the Settlement Class and the Releasing Parties each individually covenant not to bring any Released Claim and expressly agree that this Release will be, and may

7

be raised as, a complete defense to and will preclude any action or proceeding encompassed by the release(s) contained herein in respect to any NYT Subscription associated with a Class Member.

20. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered by any person or received against Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant of the truth of the facts alleged by the Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendant;

(b) offered by any person or received against Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant or any other wrongdoing by Defendant;

(c) offered by any person or received against Defendant as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Settlement Agreement from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Settlement Approval Order and Final Judgment, or in which the

reasonableness, fairness, or good faith of the parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Settlement Approval Order and Final Judgment, the releases as to the Released Parties.

21. Claims documents in this case, and all materials and data held by the Claims Administrator regarding the Settlement Class, including the Class List, shall be strictly confidential and not subject to publication or disclosure, and shall not be used for any other purposes beyond providing notice to the Settlement Class and assisting with the determination of valid claims. No person other than the Parties and their counsel, the Claims Administrator, and the Court shall be permitted to obtain or review any Claim Form, or any decision of the Claims Administrator with respect to accepting or rejecting any Claim, except as provided for herein or upon Court Order for good cause shown.

22. This Settlement Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Without affecting the finality of the Settlement Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the disposition of the settlement benefits; (b) the settling parties for purposes of construing, enforcing and administering the Settlement Agreement; and (c) enforcement of the Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs.

23. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

24. In the event that the Final Settlement Approval Date does not occur, this Settlement Approval Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered in connection herewith, except the

Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs, shall be null and void.

    DONE this ___ day of _____, 2021.

                                                       Hon. Judge Ronnie Abrams
                                                      United States District Court Judge,
                                                      Southern District of New York